William C. Hecht, Jr., J.
Petitioner seeks an order compelling respondents to appoint principals and junior principals in direct order of their ratings regardless of sex and that the separate men’s and women’s eligible lists for each license be considered one list.
After an announcement by the Board of Examiners of the Board of Education that an examination would be held, 615 men and 289 women participated in the examination for the principal’s license, and 521 men and 285 women participated in the examination for the junior principal’s license.
After the examination the Board of Examiners reported the names of the successful applicants for the principal’s license, divided in two separate eligible lists, 119 men and 42 women; and of the successful applicants for the junior principal’s license divided in two separate eligible lists, 220 men and 123 women.
Thereafter the Board of Education, upon the recommendation of the Superintendent of Schools, proposed to appoint 44 men and 16 women from their respective eligible lists for principal’s license, and 38 men and 21 women from their respective eligible lists for junior principal’s license, in the direct order of their respective ratings on the lists. As a result of the commencement of these proceedings the Board of Education, at a meeting held on February 7, 1957, appointed the 44 men and only 11 women from their respective eligible lists to the principal vacancies, and 38 men and only 10 women from their respective eligible lists to the junior principal vacancies. The appointments of the remaining five women from the women’s eligible list for principal and the remaining 11 women from the women’s eligible list for junior principal have been postponed by the board because of the pendency of this proceeding.
The crux of petitioner’s grievance is that respondents should not be permitted to appoint women with lower ratings than men without giving a reason other than the “ balance ” which the respondents desire to maintain. Petitioner contends that the separate eligible lists for each of the positions in question should be considered as one fist regardless of sex and that appointments should be made from such single list for *1016 principal and single list for junior principal, in the direct order of the ratings of the eligibles on such lists.
Petitioner notes that by-law section 246 for separate eligible lists for men and women was originally adopted in 1898 and that its validity was upheld by court decisions in 1903 and 1910, and by the Commissioner of Education in 1918 based upon the two prior court decisions. He claims, however, that the conditions under which those decisions were rendered were substantially different from those today and are inapplicable to the existing situation.
Respondents assert that their experience has demonstrated that the separate eligible lists provide them with the necessary flexibility and elasticity to enable them to maintain the desired balance of pedagogical position for the most efficient administration of the school system and the best interests of the pupils, and that the passing of the years since the adoption of the bylaw in question has convinced them of its value.
An analysis of this matter leads to the conclusion that the contention of the respondents that their long-established practice of promulgating separate eligible lists for men and women for teaching and supervising positions in the school system is reasonable, and that they are correct in maintaining that their action offends neither the State Constitution nor any statute and is predicated upon sound educational consideration. Despite the assertions of petitioner, it is fair to conclude that respondents are sound in their claim that because of the many problems which continuously arise in the schools, some can be more efficiently handled by men and others by women. This is so obvious as to require no lengthy discussion. As pointed out in the affidavit of Edmund J. Gannon, Associate Superintendent of Schools, respondents do not entertain the notion that in the performance of supervisory and administrative functions in the school system men are more competent than women. He affirms, on the contrary, that respondents’ experience demonstrates that women are equally as competent and efficient as men, but that the board cannot secure enough women applicants for these positions.
It is well established that the Board of Education may make distinctions among its employees provided such classifications are reasonable (Harman v. Board of Educ., 300 N. Y. 21).
In Matter of Schlivinski v. Maxwell (80 App. Div. 313) petitioner contended that there should be only one list for men and women eligibles for a teaching license and that the promulgation of two lists resulted in women having been appointed as teachers before men who had attained the same rating. The *1017 court upheld the right of the board to establish separate lists as a matter in which the board should be allowed to exercise its own discretion.
In Fitzpatrick v. Board of Educ. (69 Misc. 78) the court, following the holding in Schlivinski v. Maxwell (supra) upheld the right of the board to select a man over a woman when in the judgment of the board the welfare of the service requires such an appointment.
On the basis of the record before the court there is no warrant for a conclusion that the proposed action of respondents constitutes an abuse of discretion or that it is arbitrary or capricious. There has been no showing that the action of respondents, who are charged by law with the responsibility of managing and operating the educational system of this city, is other than for the best interests of the pupils and the general welfare of the entire system.
The application is denied and the petition is dismissed.